Before STATE INDUSTRIAL BOARD, Respondent.

ELLEN GORMAN, Claimant, Respondent, v. FORTY-SECOND STREET, MANHATTANVILLE AND ST. NICHOLAS AVENUE RAILWAY COMPANY, Employer and Self-Insurer, Appellant.

Third Department, March 5, 1924.

Workmen's compensation — aliens — woman citizen of United States does not under 42 U. S. Stat. at Large, 1021, chap. 411, become alien non-resident within meaning of Workmen's Compensation Law, § 17, by marrying British subject — evidence — presumption that person is citizen of country in which he resides.

A woman who is a citizen of the United States does not under 42 United States Statutes at Large, 1021, chapter 411, become an alien non-resident, within the meaning of section 17 of the Workmen's Compensation Law, by marrying a British subject, in the absence of a formal renunciation of her citizenship, since a British subject is eligible to citizenship in the United States.

There is a presumption that a person is a citizen of the country in which he resides, and the fact that a woman resided with her husband in the city of New York for more than two years is *prima facie* evidence that she was a citizen of the United States.

APPEAL by the defendant, Forty-second Street, Manhattanville and St. Nicholas Avenue Railway Company, from a decision and award of the State Industrial Board, made on the 9th day of May, 1923.

*Alfred T. Davison* [*Addison B. Scoville* and *John J. O'Connell* of counsel], for the appellant.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

H. T. KELLOGG, J.:

On March 6, 1920, Owen Gorman, then the husband of the claimant, came to his death from injuries received through an accident occurring in the course of his employment. On May 6, 1920, the State Industrial Board made to claimant, as the widow of Owen Gorman, an award of $6.924 per week. On March 13,

1923, the claimant was remarried in Ireland, then becoming the wife of a citizen of Great Britain residing in Ireland. On May 8, 1923, the State Industrial Board, pursuant to the provisions of subdivision 2 of section 16 of the Workmen's Compensation Law,* because of the remarriage of the claimant, made an award to claimant of two years' compensation in one sum, or the sum of $722.40. The appellant contends that the claimant by her marriage to a British subject resident in Ireland lost her United States citizenship; that as an alien non-resident she was entitled, pursuant to the provisions of section 17 of the Workmen's Compensation Law,* to no more than one-half of the sum allowed.

No testimony, directly evidencing that the claimant prior to her remarriage was a citizen of the United States, is set forth in the record. It does appear, however, that Owen Gorman, the first husband of the claimant, resided at 162 West One Hundred and Twenty-eighth street in the city of New York; that he had been in the employ of the appellant in that city for more than two years; that the residence of the claimant, while the wife of Owen Gorman, was her husband's residence at 162 West One Hundred and Twenty-eighth street in New York city. " In the absence of proof to the contrary every man is considered a citizen of the country in which he resides." (11 C. J. 786; *Shelton* v. *Tiffin*, 6 How. [U. S.] 163.) " I think it may be assumed as a principle, that the law of nations, without regarding the municipal regulations prescribed for his admission, views every man as a member of the society in which he is found. Residence is *prima facie* evidence of national character; susceptible, however, at all times, of explanation." (*Johnson* v. *Twenty-one Bales, etc.*, 13 Fed. Cas. No. 7,417; quoted in note, 11 C. J. 786.) We must presume, therefore that the claimant at the time of the death of her first husband was a citizen of the United States and that her citizenship continued unless divested by her remarriage. The Federal Married Women's Naturalization Act of 1922 (42 U. S. Stat. at Large, 1021, chap. 411), approved September 22, 1922, in section 3 (Id. 1022) provides: " A woman citizen of the United States shall not cease to be a citizen of the United States by reason of her marriage after the passage of this Act, unless she makes a formal renunciation of her citizenship before a court having jurisdiction over naturalization of aliens: *Provided*, That any woman citizen who marries an alien ineligible to citizenship shall cease to be a citizen of the United States." It does not appear

* See Workmen's Compensation Law of 1914, § 16, subd. 2; Id. § 17, as respectively amd. by Laws of 1916, chap. 622; now Workmen's Compensation Law of 1922, § 16, subd. 2; Id. § 17.— [REP.

that the claimant ever made a formal renunciation of her United States citizenship. Neither does it appear that she ever married " an alien ineligible to citizenship." That person is eligible who is " fit to be chosen; worthy of choice; desirable." (Century Dictionary.) In the strict sense no person is " fit to be chosen " as a citizen, until he has complied with the statutory provisions in relation to residence and the filing of a notice of intention, and has been pronounced by a court of naturalization, after a pre-scribed examination, a qualified applicant for citizenship. (See U. S. R. S. § 2170; Federal Naturalization Act of 1906 [34 U. S. Stat. at Large, 596, chap. 3592], as amd.) In this sense the class of eligibles would be confined to those possessing eligibility during the brief interval ordinarily elapsing between the determination of eligibility and the taking of the required oath to support the Constitution of the United States. It would be nothing less than absurd to suppose that Congress considered all persons, other than the members of this restricted class, " ineligible to citizenship." In our view Congress made reference to natives of foreign countries whose nationals as a class are incapable of naturalization. The subjects of Great Britain do not belong to that class of persons who may not be naturalized. Therefore, we think that the claimant, under the act in question, did not by her remarriage divest herself of her United States citizenship.

The award should be affirmed, with costs to the Industrial Board

Award unanimously affirmed, with costs in favor of the State Industrial Board.